UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| LMMS, INC. ) | Case No. 21-70664 |
| ) | |
| ___Debtor.___ ) | |
| ) | |
| JOHN P. FITZGERALD, III, ) | |
| Acting United States Trustee for Region Four, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| *v.* ) | |
| ) | |
| LMMS, INC., ) | |
| ) | |
| ___Defendant.___ ) | |

**COMPLAINT TO REVOKE CONFIRMATION ORDER**

Comes now John P. Fitzgerald, III, Acting United States Trustee for Region Four (the "**United States Trustee**"), by counsel, and moves the Court under 11 U.S.C. § 1144 to revoke the order confirming [Docket No. 67] (the "**Confirmation Order**") the chapter 11 plan [Docket No. 58] (the "**Plan**") of LMMS, Inc. (the "**Defendant**"). In support of this complaint, the United States Trustee respectfully states as follows:

JURISDICTION AND VENUE

1. This adversary proceeding relates to the chapter 11 case of the Defendant, case number 21-70664 (the "**Case**"), pending in the United States Bankruptcy Court for the Western District of Virginia, Roanoke Division (the "**Court**").

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3. This complaint is based on 11 U.S.C. §§ 105, 307, and 1144.

1

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the United States Trustee consents to the entry by this Court of a final judgment.

## PARTIES

6. The United States Trustee is a United States Department of Justice official.

7. United States trustees "serve as bankruptcy watch-dogs to prevent fraud, dishonesty, and overreaching in the bankruptcy arena."[1] As such, the United States Trustee has standing to bring this complaint.

8. The Defendant was the debtor the Case and it was the proponent of the Plan.

## BACKGROUND

9. Prior to its petition date, the Defendant failed to pay over certain withholding taxes to the Internal Revenue Service ("**IRS**").

10. A levy by the IRS precipitated the filing by the Defendant of a petition for relief on September 29, 2021.

11. The Defendant elected on its petition to proceed under subchapter V of title 11 of the United States Code (the "**Bankruptcy Code**").

12. On October 1, 2021, this Court entered its *Debtor-In-Possession Order* [Docket No. 13] (the "**DIP Order**").

13. In the DIP Order, the Court ordered the Defendant to, among other things, open a "Tax Account" and:

> deposit in the tax account all funds required to be escrowed under state or federal law, to be disbursed only for the purpose for which they are set aside. All federal payroll taxes (e.g. FICA, FUCA) shall be deposited each time a payroll is made;

---

[1] H.R. Rep. No. 95-595, at 88 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6049; *In re A-1 Trash Pickup, Inc.*, 802 F.2d 774, 775 (4th Cir. 1986).

and Debtor shall notify: Chief, Technical Section, Internal Revenue Service, P. O. Box 10025, Richmond, Virginia 23240 of the date, place, amount of each deposit and whether it is the entire amount due and promptly prepare and file all tax returns required by law.

14. On December 28, 2021, the Defendant filed the Plan.

15. On January 4, 2022, the Court entered an order setting the confirmation hearing for February 22, 2022 (the "**Confirmation Hearing**").

16. On February 15, 2022, the United States Trustee filed an objection to the confirmation of the Plan [Docket No. 63] (the "**Objection**").

17. On February 22, 2022, the Court conducted the Confirmation Hearing.

18. At the Confirmation Hearing, counsel for the United States Trustee represented that the United States Trustee had reviewed the proposed confirmation order and agreed to its form and "subject to the debtor providing sufficient evidence here today . . . the United States Trustee does not anticipate any further issues." Thereafter, the Defendant presented evidence to the Court via a proffer of the testimony of Lee W. Mills, the principal of the Defendant. The proffer was based on Mr. Mills personal knowledge and review of business records.

19. The Defendant, intending for the Court and the United States Trustee to rely upon the representations, represented to the Court, among other things, that: (i) it had complied with the applicable provisions of the Bankruptcy Code; and (ii) the Plan was feasible.

20. Among other things, the Defendant represented that it "is profitable at this time. He is producing disposable income. Those projections that he has prepared, projections that are included with the plan as Exhibit B that show his ability or the debtor's ability to fund this plan."

21. With respect to 11 U.S.C. § 1129(a)(9), the Defendant read to the Court the following portion of Article 2, paragraph 2.2 of the Plan, "except to the extent any holder of an allowed administrative expense claim agrees to less favorable treatment, each allowed

3

administrative expense shall be paid in full from plan payments on this plan's effective date" and stated that "[w]e would submit that this testimony establishes that 1129(a)(9) has been satisfied. There are also I should say, that's (a)(9)(A). . . ."

22.     The Defendant represented that the budget projections attached as Exhibit B to the Plan supported the ability of the Defendant to make the Plan payments and that the Defendant would generate sufficient funds after the effective date of the Plan (the "**Effective Date**") to fully fund ongoing operations and "pay all obligations set forth in the plan as and when due and necessary for the execution of the plan." Further, the Defendant represented that consummation was not likely to be followed by need for further reorganization.

23.     At the conclusion of the evidence, the Court ruled that "based on the proffer before the Court, the representations that have been made as to the endorsement of First Community Bank and the Internal Revenue Service to the order confirming the plan, the Court makes a finding that the plan complies with 1129(a) as that provision is made appliable to the plan before the Court under subchapter V of the Bankruptcy Code. The Court will confirm the plan."

24.     On February 23, 2022, the Court entered the Confirmation Order.

25.     The Confirmation Order contained findings including that:

> B.     The United States Trustee filed an objection to the Plan on February 15, 2022; however, the United States Trustee withdraws its objection based on the inclusion of certain terms in this Order. No other objections to the confirmation of the Plan have been filed with the Court or raised by any party in interest at the hearing on confirmation;
>
> . . .
>
> E.     The Debtor has complied with the Bankruptcy Code;
> F.     All of the applicable elements of 11 U.S.C. § 1129 required for confirmation of the Plan have been satisfied in order for the Plan to be confirmed under 11 U.S.C. § 1191(a);
>
> . . .
>
> J.     Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor.

4

26. The Confirmation Order states that the Effective Date of the Plan is 30 days after the entry of the Confirmation Order.

27. The Effective Date was, therefore, March 25, 2022.

28. On March 28, 2022, the Defendant filed an operating report covering February 2022 [Docket No. 71] (the "**Report**").

29. The Report disclosed that the Defendant failed to make withholding tax deposits on both February 9, 2022, and February 23, 2022.

30. As of the Confirmation Hearing, the Defendant knew it had not made the withholding tax deposits due on February 9, 2022.

31. As of the Confirmation Hearing, the Defendant knew or should have known that it did not have the ability to make the withholding tax deposits due on February 23, 2022.

32. At no point prior to March 28, 2022, did the United States Trustee know that the Defendant failed to make withholding tax deposits on February 9, 2022.

33. At no point prior to March 28, 2022, did the United States Trustee know that the Defendant lacked the ability to make the withholding tax deposits due on February 23, 2022.

34. As of March 29, 2022, the Defendant had not paid over to the IRS all withholding taxes incurred by the estate.

35. Upon information and belief, the IRS did not agree to accept after the Effective Date the payment of administrative claims owed to it.

36. As of the Confirmation Hearing, the Defendant knew or should have known it lacked the ability to make all the payments due on the Effective Date.

37. The Plan required the Defendant to pay the IRS' allowed administrative claims on the Effective Date.

5

38. The IRS did not have to take any action for the post-petition taxes owed to it to become allowed administrative expenses. 11 U.S.C. § 503(b)(4)(D).

39. This complaint is timely filed.

40. The Defendant defaulted on the Plan on the Effective Date.

COUNT I – REVOCATION OF THE CONFIRMATION ORDER

41. The allegations set forth in paragraphs 1-40 are incorporated by reference as though set out fully herein, and the documents referenced in the allegations are incorporated by reference as though set out fully herein.

42. The Court may enter any order necessary or appropriate to carry out the provisions of the Bankruptcy Code or prevent an abuse of process. 11 U.S.C. § 105(a).

43. An order confirming a chapter 11 plan may, upon request made within 180 days after entry of the confirmation order, be revoked "if and only if such order was procured by fraud." 11 U.S.C. § 1144. An order revoking a confirmation order must, among other things, "revoke the discharge of the debtor." *Id.*

44. The Defendant obtained confirmation of the Plan by representing to the Court at the confirmation hearing that it had complied with the applicable provisions of the Bankruptcy Code.

45. As of the confirmation hearing, the Defendant had not complied with the applicable provisions of the Bankruptcy Code.

46. As of the confirmation hearing, the Defendant knew it had not complied with the applicable provisions of the Bankruptcy Code.

47. As of the confirmation hearing, the Defendant knew or should have known that the Plan was not feasible because the Defendant lacked the ability to pay on or before the Effective Date the unpaid administrative expense owed to the IRS.

48. The United States Trustee relied on the representations made by the Defendant at the confirmation hearing. In fact, the United States Trustee would not have withdrawn the Objection but would have supplemented it by objecting based on 11 U.S.C. §§ 1129(a)(2), 1129(a)(9)(A), and 1129(a)(11) had the Defendant revealed the failure to timely deposit and pay over withholding taxes.

49. But for the misrepresentations that the Defendant had complied with the applicable provisions of the Bankruptcy Code and that the Plan was feasible, the Defendant could not have obtained entry of the Confirmation Order on February 23, 2022. Alternatively, the Defendant had an affirmative duty to disclose the non-payment of the withholding taxes in light of, among other things, Defendant's representations concerning its compliance with the Bankruptcy Code and the feasibility of the Plan, and the Defendant obtained entry of the Confirmation Order on February 23, 2022, via the material omission.

50. Cause exists to revoke the Confirmation Order.

WHEREFORE, the United States Trustee, by counsel, seeks revocation of the Confirmation Order under 11 U.S.C. § 1144.

Date: April 6, 2022

Respectfully submitted,

United States Trustee

By: /s/ W. Joel Charboneau
Trial Attorney for the United States Trustee

Certificate of Filing

      I certify that on April 6, 2022, I caused the foregoing complaint to be electronically filed in the United States Bankruptcy Court for the Western District of Virginia which should have caused ECF notifications of filing to be served on all registered users of the CM/ECF System that have appeared in this case.

      By: /s/ W. Joel Charboneau
Trial Attorney for the United States Trustee